**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 96-4153**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WOODROW ANTHONY MACK,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-95-471)

———————————

Submitted:  February 13, 1997      Decided:  February 26, 1997

———————————

Before WIDENER and HAMILTON, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. J. Rene Josey, United States Attor-
ney, A. Peter Shahid, Jr., Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Woodrow Mack pled guilty to being a felon in possession of a weapon, 18 U.S.C. § 922(g) (1994), and was sentenced as an armed career criminal under 18 U.S.C. § 924(e) (1994) to 210 months of imprisonment. On appeal, he alleges that his 1971 felony conviction for attempted assault in New York did not qualify as a predicate felony under 18 U.S.C. § 924(e) because he only received a one-year sentence for the crime. Because the assault conviction was a felony punishable by up to four years imprisonment, however, it does meet the statutory definition for a qualifying felony. See 18 U.S.C. § 924(e)(2)(B) ("the term `violent felony' means any crime punishable by imprisonment for a term exceeding one year"); see also 18 U.S.C. § 921(a)(20) (1994) (listing crimes excluded from definition of qualifying felony). That Mack was actually sentenced for only one year is irrelevant. See United States v. Hassan El, 5 F.3d 726, 733 (4th Cir. 1993) (refusing litigant's request to consider actual time served for purposes of determining whether conviction was qualifying felony under § 924(e)). Thus, we affirm the district court's sentence. We dispense with oral argument because the facts are adequately presented before the court and argument would not aid the decisional process.

AFFIRMED